**Raffaele M. PANDOZY, Plaintiff–Counter–Defendant–Appellant,**

v.

**Michael TOBEY, Lafayette Studio Corp., Defendants–Appellees,**

**Lawrence M. Segan, Defendant–Counter–Claimant–Appellee.**

No. 07–4897–cv.

United States Court of Appeals, Second Circuit.

June 16, 2009.

Raffaele M. Pandozy, Dallas, TX, pro se, for Appellant.

Scott Greenspun, Braverman & Associates, P.C., New York, NY, for Lafayette Studio Corp. and Michael Tobey; Lawrence M. Segan, New York, NY, pro se, for Appellees.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Appellant Raffaele M. Pandozy, *pro se,* appeals the district court's grant of the Defendants' motions to dismiss his complaint alleging harassment, conspiracy to harass, malicious prosecution, violations of Title VII and the Fair Housing Act ("FHA"), and breach of fiduciary duty, as well as the district court's finding that Pandozy is a vexatious litigant and its imposition of a sanction requiring Pandozy to obtain leave of court before bringing any further suit related to the sale of his apartment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review "*de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). Here, the record shows the district court properly dismissed all of Pandozy's claims.

■■■■ Because New York law does not recognize a claim for civil harassment, and because there can be no conspiracy to commit an underlying act that is itself not actionable, Pandozy's first two claims fail to state a cause of action. *See New York ex rel. Spitzer v. Cain,* 418 F.Supp.2d 457,

486 (S.D.N.Y.2006) ("New York law does not recognize a civil cause of action for harassment"); *Crigger v. Fahnestock & Co.,* 443 F.3d 230, 237 (2d Cir.2006) (under New York law, a claim of civil conspiracy is not actionable where the underlying independent tort has not been adequately pleaded).

■■■■ Moreover, because Pandozy did not prevail in the previous state court actions upon which his malicious prosecution claim is based, that claim fails, since satisfaction of this requirement is necessary to present a *prima facie* case of malicious prosecution. *See Engel v. CBS, Inc.,* 145 F.3d 499, 502 (2d Cir.1998). Additionally, Pandozy's complaint fails to state a cause of action under Title VII, since he does not allege an employer-employee relationship between himself and any of the Defendants. *See* 42 U.S.C. § 2000e-2. His claim under the FHA also fails given that financial status, the basis of his claim, is not recognized as a protected class under the statute. *See* 42 U.S.C. § 3604(a); *Cabrera v. Jakabovitz,* 24 F.3d 372, 381 (2d Cir.1994) (setting forth the four criteria to raise a *prima facie* case under the FHA).

■■■■ Pandozy's claim of breach of fiduciary duty similarly fails to state a cause of action, since the fact that the letter to Michael Tobey was addressed to all of the shareholders negates any inference that it was intended to be confidential. *See Wiener v. Lazard Freres & Co.,* 241 A.D.2d 114, 672 N.Y.S.2d 8, 14 (1st Dep't 1998) (in determining whether a fiduciary duty existed, a court should assess whether the party reposed confidence in another). Regardless, however, the fact that Tobey gave the letter to Lawrence Segan cannot be construed as the proximate cause of any alleged damage Pandozy later suffered in Segan's defamation lawsuit.

**92**

See *LNC Invs., Inc. v. First Fidelity Bank*, 173 F.3d 454, 465 (2d Cir.1999).

As a final matter, the district court's finding that Pandozy was a vexatious litigant and its imposition of appropriate sanctions under the relevant standards articulated by this Court, *see United States v. Seltzer*, 227 F.3d 36, 41–42 (2d Cir.2000), was supported by "clear evidence." *Mickle v. Morin*, 297 F.3d 114, 125–26 (2d Cir.2002). The record makes clear that Pandozy has filed numerous actions in state and federal court challenging the sale of his apartment and the propriety of the decisions authorizing that sale, as well as actions against the parties and attorneys involved in those proceedings. Indeed, Pandozy has already been sanctioned by other courts, who, like the district court, rightly determined that he was a vexatious litigant.

Additionally, Segan's motion and the magistrate judge's report provided Pandozy with notice that the district court intended to impose sanctions, and Pandozy had a full opportunity to respond to the possibility of sanctions in his objections to the magistrate judge's report. *See Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir.2005) (it is the "unequivocal rule in this circuit ... that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard"). We therefore affirm the district court's imposition of the sanctions. We have considered Pandozy's remaining claims of error and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.