SUMMARY ORDER

Appellant Raffaele M. Pandozy, pro se, appeals from a judgment of the district court granting Defendants-Appellees’ motions to dismiss his complaint and enjoining Pandozy from commencing, without prior leave of the district court, any federal action in the Southern District of New York relating to the events at issue in this case. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal.
We review de novo a district court’s dismissal of a complaint pursuant to Rule 12(b)(6), “construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002). Here, the record shows that the district court properly dismissed all of Pandozy’s claims.
First, the district court properly dismissed Pandozy’s claims under the Fair *725 Housing Act (“FHA”) because Pandozy: (1)did not allege that his children were under the age of 18 or that he had been discriminated against because he had minor children, in violation of 42 U.S.C. § 3602(k); (2) was not protected by 42 U.S.C. § 3604 because he had not been trying to procure housing; (3) did not allege that he had engaged in protected activity as required by 42 U.S.C. § 3617; and (4) did not allege that Defendants-Appellees had been engaged in “residential real-estate related transactions” or in providing brokerage services as defined by 42 U.S.C. §§ 3605 and 3606.
With respect to Pandozy’s claim of fraud upon the court, the district court correctly concluded that Pandozy was barred from bringing an independent action for fraud on the court because he had an opportunity to raise his fraud claims in the original action but failed to do so. See Leber-Krebs, Inc. v. Capitol Records, 779 F.2d 895, 899 (2d Cir.1985); M.W. Zack Metal Co. v. Int'l Nav. Corp. of Monrovia, 675 F.2d 525, 529 (2d Cir.1982).
The court also properly declined to consider Pandozy’s breach of fiduciary duty claim against Michael Tobey because that claim had been raised in a pending duplica-tive suit. Although the pending litigation addressed only the fiduciary duty claims against Tobey, we additionally affirm the dismissal of Pandozy’s fiduciary duty claims against Margaret Sandercock, Lafayette Studio Corporation, and William Beekman, because the district court had discretion to decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (“[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.”); see also ACEquip Ltd. v. Am. Eng’g Corp., 315 F.3d 151, 155 (2d Cir.2003) (“Our court may ... affirm the district court’s judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.”).
Additionally, the district court did not err in declining to consider the new claims Pandozy raised in his papers opposing the motions to dismiss or in denying him leave to amend his complaint. Pando-zy previously had been afforded an opportunity to amend his complaint and the court properly concluded that granting leave to further amend would have been futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000).
Furthermore, to the extent that Pandozy challenges the district court’s imposition of a filing injunction, we have recognized that district courts have the authority to issue filing injunctions to prevent vexatious litigation. See Polur v. Rajfe, 912 F.2d 52, 57 (2d Cir.1990) (citing 28 U.S.C. § 1651(a)). Such an injunction was fully merited in this case, in view of Pandozy’s conduct as an abusive litigant, see Pandozy v. Tobey, 335 Fed.Appx. 89, 92 (2d Cir.2009). The record makes clear that the district court did not abuse its discretion and properly applied the factors laid out in Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986).
Finally, insofar as Pandozy attempts to raise claims for the first time on appeal, we will not consider them. See LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir.1995). We have considered his other claims and conclude that they are without merit.
For the reasons stated above, the judgment of the district court is AFFIRMED.