09-1109-cv
VandenBroek v. PSEG Power CT LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand nine.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
   *Circuit Judges*,
JED S. RAKOFF,
   *District Judge*.[*]

--------------------------------------------------------------------------------

BRUCE VANDENBROEK,

    *Plaintiff-Appellant*,

   v.        No. 09-1109-cv

PSEG POWER CT LLC,

    *Defendant-Appellee*.

--------------------------------------------------------------------------------

APPEARING FOR APPELLANT:  THOMAS W. BUCCI, Willinger, Willinger &

--------------------------------

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Bucci, P.C., Bridgeport, Connecticut.

APPEARING FOR APPELLEE:          DANIEL L. SCHWARTZ (Sarah F. DePanfilis, *on the brief*), Day Pitney LLP, Stamford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 10, 2009, is AFFIRMED.

Plaintiff Bruce VandenBroek appeals from an award of summary judgment in favor of defendant PSEG Power Connecticut LLC ("PSEG") on his claims that PSEG terminated him for being an alcoholic and for taking medical leave in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., respectively.[1]  We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Ollman v. Special Bd. of Adjustment No. 1063, 527 F.3d 239, 245 (2d Cir. 2008).  In doing so, we assume the parties'

---

[1] The district court also granted PSEG summary judgment on plaintiff's claim under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51 et seq.  Because plaintiff does not specifically address this claim on appeal, we deem any such challenge waived.  See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

2

familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. ADA Claim

Relying on Teahan v. Metro-North Commuter Railroad Co., 951 F.2d 511 (2d Cir. 1991), plaintiff submits that the district court erred in concluding that he was terminated because of his violation of PSEG's "no call/no show" policy, rather than because of his alcoholism.[2] In Teahan, we held that, under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., an employer fires an employee because of his disability when the decision is based conduct caused by the disability at issue. See Teahan v. Metro-North Commuter R.R. Co., 951 F.2d at 515-16. Thus, we rejected the defendant's claim that the challenged firing was based on a reason other than disability, i.e., plaintiff's excessive absenteeism, and we remanded for trial on, inter alia, the factual issue of whether the plaintiff's alcoholism caused his absenteeism. See id. at 517. Although the facts of Teahan are similar to those presented here, defendant contends, and the district court concluded, that the case is inapposite because, unlike the version of the Rehabilitation Act at issue in Teahan, the ADA specifically permits employers to "hold an employee . . . who is an alcoholic to the same qualification standards

---

[2] Under the ADA, an individual is considered disabled if he suffers from "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1)(A). While alcoholism is an "impairment" within this definition, the plaintiff must still show that the impairment limited one or more of his "major life activities." See Regional Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 46-47 (2d Cir. 2002). Here, if alcoholism impaired any of plaintiff's major life activities, it limited his ability to work. See 42 U.S.C. § 12102(2)(A).

3

for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the . . . alcoholism of such employee." 42 U.S.C. § 12114(c)(4).

We need not decide whether this case presents one of the "subtle distinctions" between the ADA and the Rehabilitation Act that require us to depart from our general practice of "treat[ing] claims under the two statutes identically," Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003), because we conclude that plaintiff failed in any event to adduce sufficient evidence to make out a prima facie case under the ADA, see Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008) ("In order to establish a prima facie case of discrimination under the ADA, a plaintiff must show (a) that his employer is subject to the ADA; (b) that he is disabled within the meaning of the ADA or perceived to be so by his employer; (c) that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that he suffered an adverse employment action because of his disability."). Specifically, plaintiff has not adduced sufficient evidence to permit a jury to find that he was "otherwise qualified" to perform his job.

An employee is "otherwise qualified" if he "is able to perform the essential functions of that job, either with or without a reasonable accommodation." Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003) (internal quotation marks and citations omitted). "Essential functions" are duties that are "fundamental" to the job in question. Stone v. City of Mount Vernon, 118 F.3d 92, 97 (2d Cir. 1997) (discussing 29 C.F.R.

4

§ 1630.2(n)(1)). In determining which duties are fundamental, we accord "considerable deference to an employer's judgment." D'Amico v. City of New York, 132 F.3d 145, 151 (2d Cir. 1998). In Teahan, we emphasized that "absenteeism resulting from alcoholism is a factor that bears on whether an employee is 'otherwise qualified.'" 951 F.2d at 515; see also id. at 520-21 (analyzing "otherwise qualified" prong). And, after trial on the issue, we affirmed the district court's decision that the plaintiff in that case was not "otherwise qualified" because his employer could have concluded that he posed a risk of recurring absenteeism. See Teahan v. Metro-North Commuter R.R. Co., 80 F.3d 50, 55 (2d Cir. 1996).

Applying these principles to this case, we conclude that reliable attendance at scheduled shifts was an essential function of a boiler utility operator at the Bridgeport Harbor Station Power Plant. While "'regularly attending work' is an essential function of virtually every job," Daddazio v. Katherine Gibbs Sch., Inc., No. 98 Civ. 6861, 1999 WL 228344, at *5 (S.D.N.Y. Apr. 20, 1999) (citations and alteration omitted), aff'd, 205 F.3d 1322 (2d Cir. 2000) (unpublished disposition), it was especially important to plaintiff's job, where employees had to be present at the plant to monitor the boiler and respond to any alarms. Reliable employee attendance was thus essential to ensuring against a power outage or even an explosion. Indeed, that is why PSEG's employment rules make those who violate the "no call/no show" policy subject to discharge for the first offense.

Thus, plaintiff could not demonstrate that he was otherwise qualified simply by quoting the plant general manager's observation that, when plaintiff did show up for work,

5

he "was a good operator." Cilinsky Dep. at 11-12. Plaintiff adduced no evidence that would permit a reasonable jury to find that PSEG could rely on him to appear for his shifts at the time he was terminated. Indeed, during the fact-finding investigation that preceded his termination, plaintiff told PSEG that, even after starting treatment, "he didn't know how to take control of his life." Fact-Finding Meeting with Bruce Vandenbroek. On this record, a jury could not reasonably infer that plaintiff was otherwise qualified for the boiler utility operator position at the time of his termination. See D'Amico v. City of New York, 132 F.3d at 151-52 (holding cocaine addict not otherwise qualified for firefighter position because of likelihood of relapse and risk that "any lapse in judgment or alertness easily could result in injury or death"). Accordingly, we affirm the entry of summary judgment because plaintiff has not established a prima facie ADA claim.[3] See ACEquip Ltd. v. Am. Eng'g Corp., 315 F.3d 151, 155 (2d Cir. 2003) (permitting affirmance on any ground appearing in the record).

2.    FMLA Claim

Plaintiff also contends that his termination violated the FMLA because it followed his return from leave taken for alcoholism treatment and because the notice of his two-day

---

[3] We would reach the same conclusion even if we were to apply the burden-shifting framework of Doe v. New York University, 666 F.2d 761 (2d Cir. 1981), as plaintiff urges. Doe requires the employer who makes an adverse employment decision based on the employee's disability to "rebut the inference that the handicap was improperly taken into account by going forward with evidence that the handicap is relevant to the qualifications for the position." Id. at 776. As we have stated above, PSEG has proffered ample evidence that reliable attendance is an important qualification for the boiler utility operator position, and plaintiff has not adduced sufficient evidence to permit a jury to make a contrary finding.

disciplinary suspension referenced prior FMLA-protected leave. We apply the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to FMLA retaliation claims, see Potenza v. City of New York, 365 F.3d 165, 167 (2d Cir. 2004). Even assuming that plaintiff has established each element of his prima facie case, we must therefore consider whether he has adduced sufficient evidence to permit a jury to conclude that PSEG's proffered reason for his termination was pretextual. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993); Leibowitz v. Cornell Univ., --- F.3d ---, 2009 WL 3403147, at *12 (2d Cir. 2009).

Here, PSEG adduced significant evidence that plaintiff was terminated for repeated violations of the "no call/no show" policy, and that plaintiff's prior absences for back and nasal surgery were unrelated to his termination. Plaintiff argues that PSEG's rehiring of another employee who suffered from alcoholism would permit a jury to conclude that PSEG fired plaintiff to retaliate against him for taking FMLA-protected leave. The other employee's situation is not sufficiently similar to plaintiff's to support such an inference. See Mandell v. County of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003) ("A plaintiff relying on disparate treatment evidence must show []he was similarly situated in all material respects to the individuals with whom []he seeks to compare [him]self." (internal quotation marks omitted)). The other employee was terminated for reasons unrelated to the "no call/no show" policy and rehired with union support, which plaintiff lacked. Under these circumstances, a jury would have to engage in impermissible speculation to conclude that PSEG terminated

7

plaintiff in retaliation for taking FMLA-protected leave. We therefore conclude that the district court properly entered summary judgment in favor of PSEG on plaintiff's FMLA claim.

We have considered plaintiff's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:    _____

8