ACEQUIP LTD., Plaintiff–Appellee,

v.

AMERICAN ENGINEERING CORPORATION, Defendant–Appellant.

Docket No. 01–9166.

United States Court of Appeals, Second Circuit.

Argued: Aug. 7, 2002.

Decided: Jan. 02, 2003.

**152**

Edward J. Heath, Robinson & Cole, LLP, Hartford, CT (Jeffrey C. Kestenband, Robinson & Cole, LLP, Scott F. Roybal and Daniel W. Park Sheppard, Mullin, Richter & Hampton, LLP, Los Angeles, CA, on the brief) for Appellant.

David M. Cohen, Wofsey, Rosen, Kweskin & Kuriansky, LLP, Stamford, CT (John A. Farnsworth, on the brief) for Appellee.

Before CALABRESI, POOLER, and SACK, Circuit Judges.

POOLER, Circuit Judge.

Appellant American Engineering Corp. ("AEC") asks us to decide if a party resisting the appointment of an arbitrator has the right to a hearing testing the validity of the arbitration agreement. ACEquip, Ltd. won the appointment of an arbitrator to settle a dispute with AEC without first seeking to compel arbitration. AEC challenges this outcome, primarily arguing that it is entitled to a hearing to test whether it had a valid arbitration agreement with ACEquip before an appointment is made. We first find that the district court, prior to granting the application, improperly dismissed Transact International, Inc. ("Transact"), the other party who originally brought the application along with ACEquip and who had purportedly assigned its contract with AEC to ACEquip. Therefore, we hold that the district court should restore Transact to the lawsuit on remand. Given the restoration of Transact, we affirm the appointment of an arbitrator, and do not find that AEC was entitled to a hearing prior to that appointment.

## BACKGROUND

In November 1999, Transact won a contract from the United States Air Force for the construction of an air cargo handling system at the Kadena Air Base in Okinawa, Japan. Transact then entered into a

written subcontract (the "Agreement") with AEC for the building construction portion of the Air Force contract. The Agreement provided:

This Agreement is made in accordance with the laws and statutes of the State of Connecticut. In the event of disagreement between the parties to this agreement, Arbitration shall be conducted pursuant to the laws of and in the State of Connecticut, USA.

On or about April 20, 2000, Transact assigned its rights under the Agreement to ACEquip. Sometime after the assignment, a disagreement arose between ACEquip and AEC under the Agreement, although the nature of that dispute is unclear. On March 21, 2001, ACEquip and Transact jointly moved in an appropriate judicial district of the state to have an arbitrator appointed. Conn. Gen.Stat. § 52–411 permits a party to file a motion seeking the appointment of an arbitrator.

After removing the case to the United States District Court for the District of Connecticut, AEC moved to dismiss on various grounds, only one of which, standing, is relevant to this appeal. AEC argued that Transact had not alleged facts sufficient to prove that it had standing to sue. According to AEC, Transact had affirmatively alleged that Transact had assigned its rights under the Agreement to ACEquip, and thus, by Transact's own admission, Transact no longer had any interest in the Agreement. ACEquip and Transact opposed AEC's motion to dismiss. In their opposition papers, they answered:

The defendant challenges Transact's standing to bring an application seeking appointment of an arbitrator because Transact assigned its interests in the agreement to ACEquip. If AEC has

relinquished any challenge to Transact's assignment of rights to ACEquip, ACEquip and Transact have no objection to Transact's removal from this matter.

AEC, alleging that it never accepted Transact's offer, points to the following arguments in its reply papers: "If this case is not dismissed, AEC would prove at trial that the purported assignment of the Agreement to ACEquip is invalid," and "Transact concedes that it has no standing. Therefore, its application must be dismissed with prejudice."

The district court dismissed Transact from the action on the theory that AEC agreed to the solution proposed by Transact:

Defendant argues that as Transact assigned its rights to Plaintiff, it has no standing to bring the current claim. Transact has no objection to being dismissed from the action, so long as the assignment of its interests to Plaintiff is not challenged. Plaintiff [sic] [1] offers no such objection. Transact is therefore dismissed from the case.

In dismissing Transact, the district court also issued an order requiring AEC to show cause why an arbitrator should not be appointed.

AEC argued no arbitrator should be appointed because appointment of an arbitrator would be premature at that stage of the proceedings. AEC noted that (1) it had not yet answered the Application; (2) it wished to present evidence that the purported assignment from Transact to ACEquip was invalid; (3) it needed time to conduct discovery to show the assignment was invalid; and (4) it wanted a hearing in which to dispute the validity of the assignment. In its reply, ACEquip argued the question of the validity of the assignment was an issue for the arbitrator, rather than

---

**1.** The district court appears to have confused plaintiff and defendant here.

the court. AEC sought permission to file reply papers. Without addressing AEC's petition for leave to file a reply, the district court found that an agreement to arbitrate existed, ordered the appointment of an arbitrator, and stated that the issue of the validity of the assignment was one for the arbitrator. This appeal followed.

## DISCUSSION

As a threshold issue, we find that this dispute is governed by the Federal Arbitration Act ("FAA"), because all the statute's criteria for jurisdiction apply: (1) there is a written arbitration agreement; (2) diversity provides an independent basis for federal jurisdiction; and (3) the underlying transaction involves interstate commerce. See 9 U.S.C. § 2; see also In re Chung and President Enters., 943 F.2d 225, 229 (2d Cir.1991). We note, however, that the outcome is the same regardless of whether federal or Connecticut law applies.

### A. Dismissal of Transact

■ AEC correctly argues that it never accepted Transact's proposed solution regarding standing, and the district court therefore erred when it found AEC waived its argument that the assignment rendered the arbitration agreement invalid.

AEC argued below that if the facts presented in the pleadings were taken as true as required on a motion to dismiss brought under Fed.R.Civ.P. 12(b)(6), Transact lacked standing to move to appoint an arbitrator because its pleadings alleged that it had no interest in the Agreement by virtue of its assignment. In opposing the motion to dismiss, Transact stated:

The defendant challenges Transact's standing to bring an application seeking

appointment of an arbitrator because Transact assigned its interests in the agreement to ACEquip. If AEC has relinquished any challenge to Transact's assignment of rights to ACEquip, ACEquip and Transact have no objection to Transact's removal from this matter.

AEC argues it never accepted Transact's offer. We agree. In AEC's reply papers, it states, "If this case is not dismissed, AEC would prove at trial that the purported assignment of the Agreement to ACEquip is invalid," and "Transact concedes that it has no standing. Therefore its application must be dismissed with prejudice." These statements show that AEC continued to pursue its theory that the assignment was invalid and that AEC argued only that Transact had conceded that it lacked standing. It is clear the district court dismissed Transact based on its wrong belief that AEC agreed to Transact's terms, as demonstrated in its denial of AEC's motion for a stay pending appeal.

In the order denying that motion, the court said:

Moreover, it was Defendant [AEC] who argued, in its motion to dismiss, that because there was an alleged assignment, Transact lacked standing and should be dismissed for this reason. Transact and Acequip offered no objection to Transact being dismissed as long as Acequip [sic][2] did not subsequently challenge the assignment. Defendant did not so object, and on that basis Transact was dismissed. If Defendant denies the validity of the assignment, it was improper to assert the contrary and to argue that Transact should be dismissed. See Fed.R.Civ.P. 11(b). Defendant is held to its argument and may not now whipsaw Transact and Acequip. Defendant cannot dismiss both Transact

2. The confusing similarity of the names of the parties is compounded here where it appears

the district court meant to refer to AEC, the defendant, rather then ACEquip, the plaintiff.

because there was an assignment and also dismiss Acequip because there was no assignment.

ACEquip argues that AEC "buried" its assignment argument in sections of its briefing that discussed issues other than standing. We find this argument unpersuasive. AEC, in its pleadings below, clearly challenged the assignment at every possible stage of the proceedings. We find that there was no waiver, and next consider the district court's appointment of an arbitrator in light of the restoration of Transact.

## B. Appointment of an arbitrator

 Since we have determined that Transact should be brought back into the lawsuit as one of the parties supporting the application to appoint an arbitrator, we need not address the question faced by the district court, which needed to decide whether the appointment of an arbitrator was appropriate when ACEquip was the only party supporting the application. We imply no view as to that ultimate disposition. Considering the broad arbitration clause in the Agreement, the application brought by both ACEquip and Transact, and the differences between a motion to appoint an arbitrator and a motion to compel arbitration, we affirm the district court's appointment of an arbitrator. Our court may, of course, affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court. *See, e.g., Shumway v. United Parcel Serv., Inc.,* 118 F.3d 60, 63–64 (2d Cir.1997).

The arbitration clause in the Agreement is broad, with no specific carve outs: "In the event of disagreement between the parties to this agreement, Arbitration shall be conducted pursuant to the laws of and in the State of Connecticut, USA." The Agreement envisions that all disagree-

ments between Transact and AEC are subject to arbitration. The clause encompasses the parties' disagreement as to the validity of the assignment.

Although we acknowledge the differences between a motion to compel arbitration and a motion to appoint an arbitrator, *see* discussion *infra*, we find that cases involving motions to compel arbitration present a useful framework for determining when an issue is for the court and when it is for the arbitrator. In *American Safety Equip. Corp v. J.P. Maguire & Co.,* 391 F.2d 821, 829 (2d Cir.1968), a case involving a motion to compel arbitration brought by a purported assignee, we noted that "[w]hether Maguire [the assignee] can compel ASE [American Safety Equip., which challenged the validity of an assignment to Maguire] to arbitrate is an issue to be decided in the courts." Later, in *Abram Landau Real Estate v. Benova,* 123 F.3d 69, 72 (2d Cir.1997), we offered further clarification as to how a court should approach a motion to compel arbitration. Problems of arbitrability arise in two contexts, first, when parties disagree whether an arbitration clause covers a particular dispute, and second, when the parties disagree not about the scope of the arbitration clause but about "whether there is even a valid agreement to arbitrate in effect at a particular time." *Id.* We further divided the second context into two "factual scenarios: (1) whether the parties ever entered into an arbitration agreement at all, and (2) whether an arbitration agreement has expired or been terminated." *Id.* The first type of factual scenario, involving the existence of the arbitration agreement itself, generally presents an issue for the court to decide. *Id.* In cases like the second type of factual scenario, the arbitrator decides issues like expiration or termination, which involve the interpretation of other contractual provisions

and not of the arbitration clause itself. *Id.* at 73. *American Safety* fell into the first factual scenario, because American Safety Equip. claimed that no arbitration agreement existed between it and Maguire. If Transact and ACEquip had brought a motion to compel arbitration here, we would be faced with the second type of factual scenario involving the interpretation of other provisions in the contract: "whether an arbitration agreement has expired or been terminated" or in this case, whether an assignment could successfully transfer Transact's arbitration rights to ACEquip. On the other hand, a motion to compel brought by ACEquip alone would more closely resemble *American Safety* and the first type of *Abram Landau* factual scenario: whether ACEquip and AEC ever entered into an arbitration agreement at all.

■ *American Safety* and *Abram Landau* involved motions to compel arbitration. Here, the case for granting the motion is even stronger because we face an application to appoint an arbitrator. The language of the FAA and the related Connecticut statutes, as well as the different consequences that follow from the appointment of an arbitrator and an order compelling arbitration, convince us that a somewhat less stringent standard governs the court's decision to appoint an arbitrator as opposed to its decision to compel arbitration.

AEC argues much of its brief as if the district court had compelled arbitration rather than appointed an arbitrator. AEC argues that where the parties dispute the existence of an agreement to arbitrate, the court must hold a hearing to resolve that dispute before an arbitrator is appointed. This might present a strong argument if the issue before us involved an order to

compel arbitration under 9 U.S.C. § 4. However, at issue is the appointment of an arbitrator, and we find nothing in the FAA or Connecticut law to support AEC's argument that it is entitled to a hearing on the existence of an agreement to arbitrate before an arbitrator is appointed upon the motion of Transact and ACEquip.

The FAA provides in pertinent part:

If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire....

9 U.S.C. § 5. Connecticut law contains a similar provision, stating:

(a) If, in a written agreement to arbitrate, a method of appointing an arbitrator or arbitrators or an umpire has been provided, the method shall be followed.

(b) If no method is provided therein, ... upon application by a party to the arbitration agreement, ... [the court] shall appoint an arbitrator or arbitrators or an umpire....

Conn. Gen.Stat. § 52–411. Thus, AEC argues, if an agreement to arbitrate is required before the appointment of an arbitrator, then the court must first determine if that agreement is a valid one. This argument fails because both 9 U.S.C. § 5 and Conn. Gen.Stat. § 52–411 require only that there be an agreement (written, in Connecticut's case) to arbitrate.[3] Contrast

---

**3.** It is possible that Connecticut law imposes

slightly more stringent requirements, since it

that simple requirement with 9 U.S.C. § 4, which specifically provides that the court must be "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue" before issuing an order to compel. *See also Interocean Shipping Co. v. National Shipping and Trading Corp.*, 462 F.2d 673, 676 (2d Cir.1972) (in issuing order to compel arbitration, court decides in the first instance whether valid arbitration agreement exists); *The Welch Group, Inc. v. Creative Drywall, Inc.*, 215 Conn. 464, 467, 576 A.2d 153 (Conn.1990) (courts generally determine issue of arbitrability). Neither the FAA nor Connecticut law imposes a similar requirement that the court, before proceeding with the appointment of an arbitrator, satisfy itself that the agreement is valid.

The appointment of an arbitrator is not the same as ordering arbitration. The opposing party need not participate in arbitration after such an appointment. If a party refuses to participate in arbitration, precedent suggests that the party would retain the right to challenge the validity of the contract or its arbitration clause after the arbitration is complete. *Corallo v. Merrick Cent. Carburetor, Inc.*, 733 F.2d 248, 250–51 (2d Cir.1984); *International Bhd. of Teamsters v. Shapiro*, 138 Conn. 57, 65, 82 A.2d 345 (Conn.1951). A party may also make a motion for declaratory judgment in order to challenge the arbitration clause after the appointment of an arbitrator but before arbitration begins. *See* 28 U.S.C. § 2201(a).

Therefore, because Transact and ACEquip showed (1) the existence of a written

agreement to arbitrate and (2) the lack of method for appointing an arbitrator, they satisfied the requirements under both 9 U.S.C. § 5 and Conn. Gen.Stat. § 52–411(b). This case is unlike the *Abram Landau* scenario of a "challenge whether the parties ever entered into an arbitration agreement at all." 123 F.3d at 72. If AEC had claimed that it had never entered into an arbitration agreement with either Transact or ACEquip, our precedent would require that the issue of the agreement's existence be decided by the court in the context of a motion to compel; perhaps, if AEC had made similar claims here in opposing the motion to appoint an arbitrator, the court would have needed to hold a hearing to investigate the existence of the agreement. That is not the case before us, and we need not decide the exact contours of the different approaches a district court should take in considering a motion to compel arbitration and a motion to appoint an arbitrator.

## C. Validity of the arbitration agreement

■ We briefly address ACEquip's arguments that we should find the assignment, and thus the arbitration agreement, valid. The district court did not, as ACEquip argues, find the assignment valid under Connecticut law. In fact, the district court, when pressed by AEC, explicitly refused to reach any conclusion as to the validity of the assignment:

Defendant [AEC] argues that this court must resolve a number of legal issues (whether the assignment of the agree-

---

instructs the court to make the appointment "upon application by a party to the arbitration agreement." Conn. Gen.Stat. § 52–411. Thus, a court applying Connecticut law may need to determine if the person making the application is a party to the arbitration agreement. Since both Transact and ACEquip

(one of which is indisputably a party to the arbitration agreement) originally moved for the appointment, the court would not need to hold a hearing in order to make such a finding here. Although the district court dismissed Transact, we found error in that dismissal. *See* discussion *supra* Part A.

ment from Transact to Plaintiff is valid, whether the assignment resulted in an impermissible increase in Defendant's obligations, whether Transact materially misled Defendant when it induced Defendant to enter into the agreement, whether Transact improperly modified the agreement three times without Defendant's consent) before the matter can be arbitrated. These are issues related to the contract and the parties's conduct related thereto and are for the arbitrator to resolve.

If Transact and ACEquip had both still been supporting the application, the district court would have needed only to determine the existence of an arbitration agreement and the lack of a method for the appointment of an arbitrator. Therefore, the district court was correct in refusing to reach the other issues, although its reasoning in not doing so does not match ours, because the district court did not have Transact in the lawsuit. We also note that the district court should not have delineated the issues that it believed the arbitrator should address. It may well be that the arbitrator will have to determine some or all of those issues in the context of the merits of the claim. However, the district court acted beyond the scope of the motion in assigning precise issues to the arbitrator.

## CONCLUSION

We affirm the appointment of the arbitrator. However, we vacate the dismissal of Transact, and remand for further proceedings not inconsistent with this opinion.