**UNITED STATES of America,
Appellee,**

v.

**Anthony POPE, Defendant–Appellant,**

**Louis Griffin, also known as Louis Sims, also known as Rodney Peterkin; Van McDuffie, also known as "Vance"; Leon Brown, also known as Charles Brown, also known as "Fat Leon"; Chris Beatty; Darran Sealy; Cynthia Reed, also known as "Ann"; Ralph Wallace, also known as "Black"; Farris Phillips; Clifford Randall, also known as "Hot Dog"; John Hobby Johnson, also known as "John John"; Derek Razor, also known as "Bootney"; Edward Funches, also known as "Jab"; Dwayne Beatty; Harold Brown, also known as "Breeze"; Johnny Walter Spragg, Jr., Defendants.**

Docket No. 03–1523.

United States Court of Appeals,
Second Circuit.

March 2, 2005.

Anthony Pope, for Appellant, pro se.

Sharon L. McCarthy, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, of counsel, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: LEVAL, CABRANES and KATZMANN, Circuit Judges.

### SUMMARY ORDER

On June 1, 1995, defendant Anthony Pope waived indictment and pleaded guilty to several offenses with which he had been charged by criminal information: racketeering, in violation of 18 U.S.C. § 1962(c); multiple counts of violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959(a); use of interstate commerce facilities in connection with murder-for-hire, in violation of 18 U.S.C. § 1958; and conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846. On February 5, 1999, the District Court sentenced defendant principally to life imprisonment. This Court affirmed defendant's conviction on December 29, 1999, *United States v. Carpenter*, 205 F.3d 1325, 1999 WL 1489808, 1999 U.S.App. LEXIS 34438 (2d Cir.1999) (summary order), and the Supreme Court denied defendant's petition for a writ of certiorari on October 2, 2000, *Smith v. United States*, 531 U.S. 857, 121 S.Ct. 142, 148 L.Ed.2d 93 (2000).

In October 2002, defendant moved in the District Court to vacate his judgment of conviction. Defendant relied primarily on the Supreme Court's holding in *Smith v. United States*, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959), that a charge sufficient to support capital punishment must be prosecuted by indictment. In an Opinion and Order dated May 29, 2003, the District Court denied defendant's motion because "none of the charges to which he pleaded guilty carried the death penalty." *United States v. Pope*, No. 94 Cr. 631, slip op. at 1, 2003 WL 21271915 (S.D.N.Y. May

30, 2003). The Court explained that "[w]hile the statute Pope was indicted for violating was amended to add the death penalty subsequent to the murders Pope committed and prior to his plea, under the *ex post facto* provision of the United States Constitution, Pope could not be subjected to the death penalty." *Id.* Defendant appeals from the District Court's dismissal of his motion.

We need not reach the merits of defendant's appeal because we affirm the dismissal of his claim on procedural grounds. *See ACEquip Ltd. v. Am. Eng'g Corp.,* 315 F.3d 151, 155 (2d Cir.2003) ("Our court may ... affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court."). Defendant's claim came to the District Court in the form of a motion pursuant to Federal Rule of Civil Procedure 60(b)(4). This motion is not an appropriate vehicle for defendant's attempt to vacate his criminal conviction because the Federal Rules of Civil Procedure govern "suits of a civil nature." Fed.R.Civ.P. 1. While a Rule 60(b) motion may be used "to set aside a habeas denial" in limited circumstances, it "does not itself seek habeas relief." *Harris v. United States,* 367 F.3d 74, 80 (2d Cir.2004). Here, defendant was not seeking to set aside a denial of habeas relief, since he never sought such relief in the form of a motion under 28 U.S.C. § 2255.

Even if defendant's motion could be deemed to be a § 2255 motion, it would have been time-barred when it was filed in October 2002. Section 2255 motions must ordinarily be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Defendant's conviction became final two years prior to the filing of his motion, when the Supreme Court denied defendant's petition for a writ of certiorari. *See Clay v. United States,* 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

In any event, we agree completely with the District Court that "Pope could not be subjected to the death penalty" by reason of the *Ex Post Facto* Clause, and therefore the government did not have to prosecute his case by indictment.

The judgment of the District Court is hereby **AFFIRMED**.