Jose Antonio ROMERO,
Plaintiff–Appellant,

v.

Honorable George PATAKI, Governor of the State of New York, in his individual and official capacities, Elliot L. Spitzer, Attorney General of the State of New York, in his individual and

official capacities, Edward Scher, Deputy Attorney General of the State of New York, in his individual and official capacities, Joan A. Cusack, Christina Hernandez, Charles F. Moratta, Jacqueline Matina and Benedict Monachino, all of whom are sued herein collectively as the members of the New York State Crime Victims Board, and each is sued herein in both their Individual and Official capacities, Ada M. Quiles, a private person sued as a co-conspirator with State Actors and Angela Gutierrez, a private person sued as a coconspirator with State Actors., Defendants–Appellees.

No. 06–1926–cv.

United States Court of Appeals, Second Circuit.

Sept. 19, 2007.

James B. Lebow, New York, N.Y, for Plaintiff–Appellant.

Sasha Samberg–Champion, Assistant Solicitor General, for Elliot Spitzer, Attorney General of the State of New York, (Robert H. Easton, Deputy Solicitor General, on the brief; Gregory Silbert, Diana R.H. Winters, Assistant Solicitors General, of counsel), New York, N.Y., for Defendants–Appellees Honorable George Pataki, Governor of the State of New York, in his individual and official capacities, Elliot L. Spitzer, Attorney General of the State of New York, in his individual and official capacities, Edward Scher, Deputy Attorney General of the State of New York, in his individual and official capacities, Joan A. Cusack, Christina Hernandez, Charles F. Moratta, Jacqueline Matina and Bene-

dict Monachino, all of whom are sued herein collectively as the members of the New York State Crime Victims Board, and each is sued herein in both their Individual and Official capacities.

John D. Winter, Patterson Belknap Webb & Tyler LLP, (Travis J. Tu, on the brief), New York, N.Y. for Defendants–Appellees Ada M. Quiles, a private person sued as a co-conspirator with State Actors and Angela Gutierrez, a private person sued as a co-conspirator with State Actors.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

Plaintiff–Appellant Jose Antonio Romero appeals from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.* ) granting Defendants–Appellees' motion to dismiss. The district court dismissed the complaint, in which Romero challenged the constitutionality of New York Executive Law Section 632–a (McKinney 2007) (the "Son of Sam" law) and raised claims of conspiracy and deliberate indifference under 42 U.S.C. § 1983. The district court acted pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and on ripeness grounds. *Romero v. Pataki,* No. 04 Civ. 4294, 2006 WL 842177, 2006 U.S. Dist. LEXIS 14276 (S.D.N.Y. Mar. 31, 2006). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

We review *de novo* a district court's decision on a motion to dismiss, *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 89 (2d Cir.2004). And we may "affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court." *Blackman v. N.Y. City Transit Auth.,* 491 F.3d 95, 100 (2d Cir.

2007) (quoting *ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir.2003)).

Romero appears to have affirmatively waived some claims in his appellate brief, though the extent to which he has done so is not clear. Reading his complaint broadly, he may be claiming that an extension of a statute of limitations, as provided for by New York Executive Law Section 632–a, is unconstitutional. Even assuming Romero has not waived this claim, it is manifestly meritless. *See, e.g., Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 311–12, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945).

He may also be claiming that the statute (a) treats prisoners differently from others, such as civil litigants accused of wrongful death and, further, (b) treats those prisoners accused of "specified crimes" differently from other inmates who may have caused financial harm to their victims. Convicted felons, however, are not a suspect class, *see Zipkin v. Heckler*, 790 F.2d 16, 18 (2d Cir.1986); *cf. Richardson v. Ramirez*, 418 U.S. 24, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974). And, as it is not irrational for the state to believe that this category of felons will be less likely than others to be able to pay their injured victims absent controls on such felons' financial receipts, the law survives rational basis review. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (stating general rule that legislation will be upheld under rational basis review if the classification drawn by the statute is reasonably related to a legitimate state interest).

Romero's appellate brief clearly reiterates his constitutional claims against the subsection of the statute allowing the Crime Victims Board ("CVB") to penalize those who fail to give it notice of payments to convicted persons, N.Y. EXEC. LAW § 632–a(7). As the CVB has not initiated a suit against Romero, nor indicated any intention to do so, this claim is not yet ripe for adjudication. *See Marchi v. Bd. of Coop. Educ. Servs.*, 173 F.3d 469, 478 (2d Cir.1999) (noting ripeness is a "constitutional prerequisite" to exercising jurisdiction).

Romero also makes the claim that the state's aid to those seeking to recover from a convicted person serves to chill that convicted person from bringing suit against the state "for events that occur [surrounding] arrest or incarceration." [1] Such an alleged disincentive is, however, no different from that borne by any potential plaintiff who has outstanding liabilities as to which the applicable statute of limitations has not yet run, *see, e.g.*, N.Y. C.L.P.R. §§ 5205–06 (McKinney 2007) (damages recovered from a civil action are not among the personal or real property exempt from recovery by creditors in New York). Romero therefore must either be challenging the statute of limitations itself—which, as stated earlier, is not a colorable claim—or be asserting a claim that is nowhere recognized.

Romero has clearly abandoned all challenges to the preliminary injunction issued against him and its attachment of his funds. Hence, we need not and do not consider any possible due process challenges to the statute based on impediments that the statute may put on a convicted person's capacity to have the attachment of his funds lifted.[2]

---

1. Romero does not claim to have himself been chilled in this way.

2. The CVB is allowed to apply for any appropriate provisional remedies to attach a convicted person's funds, on the basis of a crime victim's affidavit that he or she will file an action for damages. N.Y. EXEC. LAW § 632–a(4)–(6). It is not clear whether, in seeking to have an attachment lifted, a convicted person may attack the validity of the crime victim's claim.

Romero's remaining claims are manifestly frivolous. There being no claim that survives Rule 12(b)(6) dismissal, we need not consider whether, if there were valid claims, federal courts should abstain under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) or *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

We have considered all of Romero's claims and find them without merit. The judgment of the district court is therefore AFFIRMED.