**Mark LEYSE, individually and on behalf of all others similarly situated, Plaintiff–Appellant,**

v.

**CLEAR CHANNEL BROADCASTING, INC., Clear Channel Communications, Inc. and Critical Mass Media, Inc., Defendants–Appellees.**

No. 06–0152–cv.

United States Court of Appeals, Second Circuit.

Dec. 2, 2008.

Todd C. Bank, Kew Gardens, New York, for Plaintiff–Appellant.

Judith A. Archer, (Henry G. Burnett and Elizabeth Mazzagetti, of counsel), Fulbright & Jaworski L.L.P., New York, New York, for Defendants–Appellees.

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

Present: Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges, Hon. DAVID G. TRAGER, District Judge.*

## SUMMARY ORDER

Plaintiff Mark Leyse brought a putative class action in the United States District Court for the Southern District of New York (Baer, *J.)* alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(B). The district court dismissed the complaint.

We need not consider the merits of the district court's dismissal because the action should be dismissed on an alternate grounds—namely, there is no subject matter jurisdiction. *See Adams v. Suozzi,* 433 F.3d 220, 224 (2d Cir.2005) ("[W]e may examine subject matter jurisdiction, *sua sponte,* at any stage of the proceeding." (internal quotation marks omitted)); *ACE-quip Ltd. v. Am. Eng'g Corp.,* 315 F.3d 151, 155 (2d Cir.2003) ("Our court may . . . affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.").

In his complaint, plaintiff invokes federal jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) (creating original federal jurisdiction over class actions in which any member of a class of plaintiffs is a citizen of a state different from any defendant and the amount in controversy exceeds $5,000,000). Plaintiff, however, may not bring his action to recover under the TCPA as a class action. *See* N.Y.C.P.L.R. 901(b) (providing that an action to recover a penalty created or imposed by statute may not be maintained as a class action unless the statute specifically authorizes

recovery in a class action); *Bonime v. Avaya, Inc.,* 547 F.3d 497, 497 (2d Cir. 2008) ("N.Y.C.P.L.R.901(b) applies to [private actions for violations of the TCPA], even when a plaintiff has invoked federal diversity jurisdiction."). Because plaintiff cannot assert a class action for statutory damages under the TCPA, he may not utilize § 1332(d)(2)(A) to establish diversity jurisdiction. The complaint alleges no other source of federal jurisdiction.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**