08-4019-cv
Mamot v. Bd. of Regents

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand ten.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           RICHARD D. CUDAHY,[*]
                  *Circuit Judges.*

--------------------------------------------------------------------------------
PATRICIO R. MAMOT,

                            *Plaintiff-Appellant,*

              v.                                    No. 08-4019-cv

THE BOARD OF REGENTS, THE NEW YORK
STATE EDUCATION DEPARTMENT, THE
UNIVERSITY OF THE STATE OF NEW YORK,
                            *Defendants-Appellees.*
--------------------------------------------------------------------------------

FOR APPELLANTS:            Patricio R. Mamot, *pro se*, Long Island City, New
                          York.

FOR APPELLEES:            Andrew M. Cuomo, Attorney General of the State
                          of New York; Barbara D. Underwood, Solicitor

---

[*] Circuit Judge Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

General; Laura R. Johnson, Assistant Solicitor General; New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 19, 2008, is AFFIRMED.

Plaintiff Patricio R. Mamot, pro se, appeals from the dismissal of his complaint alleging that defendants wrongfully refused to "grandfather" him into New York State's licensing requirements for speech pathologists. We review a district court's dismissal of a complaint for lack of subject matter jurisdiction de novo. See Fed. R. Civ. P. 12(b)(1); Scherer v. Equitable Life Assurance Soc'y, 347 F.3d 394, 397 (2d Cir. 2003). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Liberally construed, Mamot's complaint alleges civil rights claims against the state defendants under 42 U.S.C. § 1983. The Eleventh Amendment bars such a federal court action against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). It is well-established that New York has not consented to § 1983 suits in federal court, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977), and that § 1983 was not intended to override a state's sovereign immunity, see Quern v. Jordan, 440 U.S. 332, 340-42 (1979).

2

Here, Mamot filed his complaint against the Board of Regents, the New York State Education Department, and the University of the State of New York.  As agencies of the State of New York, these defendants are all entitled to immunity under the Eleventh Amendment, and the district court lacked subject matter jurisdiction over Mamot's claims. See United States v. City of Yonkers, 96 F.3d 600, 619 (2d Cir. 1996) (holding New York State Education Department and Board of Regents immune to suit under Eleventh Amendment); Dube v. State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir. 1990) (holding State University of New York entitled to Eleventh Amendment immunity).  Accordingly, the district court properly granted defendants' motion to dismiss, and we affirm the judgment for the reasons articulated in this order.  See ACEquip Ltd. v. Am. Eng'g Corp., 315 F.3d 151, 155 (2d Cir. 2003).

Finally, although we have jurisdiction to review the district court's order denying Mamot's motion for reconsideration under Federal Rule of Civil Procedure 59(e), we do not address the issue because Mamot has not raised any such challenge on appeal.  See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that even pro se litigant abandons issue not raised on appeal).

We have considered Mamot's other arguments on appeal and conclude that they lack merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3