09-0468-pr
Duemmel v. Fischer

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
>   *Circuit Judges*,
> EVAN J. WALLACH,
>   *Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS DUEMMEL, and all others similarly situated,

>   *Plaintiff-Appellant*,

v.                                                                No. 09-0468-pr

BRIAN FISCHER, Commissioner, NYS Department of Correctional Services, ROBERT DENNISON, Chairman of the New York State Division of Parole,

>   *Defendants-Appellees*,

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, DAVID PATERSON, Governor of the State of New York, SUSAN O'CONNELL, Superintendent, Oneida Correctional Facility,

>   *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

_____

[*] The Honorable Evan J. Wallach, of the United States Court of International Trade, sitting by designation.

**FOR APPELLANT:**     Thomas Duemmel, *pro se*, Rome, New York.

**FOR APPELLEES:**     Wayne L. Benjamin, Office of the Attorney General of the State of New York, Albany, New York.

   Appeal from a January 23, 2009 judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

   **UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

   Appellant Thomas Duemmel ("appellant"), *pro se*, appeals from a judgment entered after the District Court, acting *sua sponte*, dismissed appellant's complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

   We review a district court's *sua sponte* dismissal of a complaint *de novo*. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Undertaking that review, we affirm the District Court's dismissal of appellant's complaint.

   First, as the District Court recognized, our case law holds that New York's parole scheme "is not one that creates in any prisoner a legitimate expectancy of release," and thus "plaintiffs have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable." *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001). In any event, "nothing in the due process concepts as they have thus far evolved . . . requires the Parole Board to specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release." *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 15 (1979). Accordingly, appellant's due process claim with respect to his denial of parole was correctly dismissed.

   Second, turning to appellant's due process claim regarding his participation in a sex offender treatment program, although appellant alleged that the program was a requirement for parole eligibility, his claim is not one in which the defendant's actions "will inevitably affect the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). Appellant has not alleged that the program creates a presumption of parole release. Furthermore, the fact that appellant has been repeatedly denied parole even after completing the program belies any claim that his timely enrollment in the program would have necessarily resulted in his earlier release. He also lacks standing to challenge the removal of other inmates from the program.

2

Third, appellant's equal protection claims were properly dismissed even though those claims were not addressed by the District Court. *See ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir. 2003) ("Our court may . . . affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court."). We have previously held that "prisoners either in the aggregate or specified by offense are not a suspect class." *Lee v. Governor of New York*, 87 F.3d 55, 60 (2d Cir. 1996). In any event, appellant has not alleged any facts from which it could be inferred that enrollment in required programs was delayed for sex offenders but not other inmates.

Fourth, any *ex post facto* claim appellant could be construed as raising is foreclosed by *Barna*, 239 F.3d at 171 ("The Ex Post Facto Clause does not apply to guidelines that . . . are promulgated simply to guide the parole board in the exercise of its discretion.").

Finally, we decline to consider appellant's remaining arguments, raised for the first time on appeal, challenging the constitutionality of New York's parole scheme as a whole and the parole board's consideration of unchanging factors such as the nature of the offense. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below.").

## CONCLUSION

For the foregoing reasons, the January 23, 2009 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3