09-4912-cv
*Pouncy v. Danka Office Imaging Company*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of September, two thousand and ten.

PRESENT: Roger J. Miner,
Pierre N. Leval,
Richard C. Wesley,
*Circuit Judges*.

———————————————————————

Larry Pouncy,

       *Plaintiff-Appellant*,

      v.                        09-4912-cv

Danka Office Imaging Co.,

      *Defendant-Appellee*.

———————————————————————

FOR APPELLANT:          LARRY POUNCY, *pro se*, Jamaica, NY.

FOR APPELLEE:           JEFFREY D. MOKOTOFF, (Elana Gilaad, *on the brief*), Ford & Harrison LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Patterson, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court be **AFFIRMED.**

Plaintiff-appellant Larry Pouncy ("Pouncy"), *pro se*, appeals from a judgment entered August 7, 2009 in the United States District Court for the Southern District of New York (Patterson, *J.*), following a jury trial, in favor of Defendant-appellee Danka Office Imaging, Co., as to Pouncy's employment discrimination claims alleged pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and relevant state and local law. Pouncy also appeals from the district court's judgment insofar as it denied his post-judgment motions under Fed. R. Civ. P. 50(b) and 59(a).[1] On appeal, Pouncy advances

_____

[1] Although Pouncy also identifies the district court's denial of his Fed. R. Civ. P. 59(e) motion as an issue on appeal, he advances no substantive argument in support of this claim of error; accordingly, we do not consider this issue. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7

2

numerous claims of error concerning the district court's management of the trial proceedings and argues further that the court erred by denying his post-judgment motions because the jury's verdict was against the weight of the evidence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.  Trial Errors

To the extent Pouncy argues that the district court made prejudicial statements at trial, we find no merit in this claim.  The statements by the court that Pouncy identifies in his brief represent instances where the court posed questions to witnesses or made comments to the jury to clarify legal and factual issues to minimize possible confusion.  *See United States v. Filani*, 74 F.3d 378, 386 (2d Cir. 1996) ("[A] district court should ask those questions necessary for such purposes as clarifying ambiguities, correcting misstatements, or obtaining information needed to make rulings.").

---

(2d Cir. 2005) (insufficiently argued issues are considered waived and will not be addressed on appeal).  However, even if we reviewed this issue, the denial of Pouncy's Rule 59(e) motion was appropriate for the same reasons that the district court denied his other post-judgment motions.

3

In addition, although Pouncy raises on appeal several challenges to the jury instructions, because he did not object to those instructions below, we review his challenges for fundamental error: error that is "so serious and flagrant that it goes to the very integrity of the trial." *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir. 2002) (internal quotation omitted). None of the instructions Pouncy identifies satisfy this standard; indeed, the record indicates that some of the specific instructions that Pouncy challenges were in fact requested by his counsel at the charge conference. To the extent Pouncy alleges error as to the district court's answer to the jury's question during deliberations, the record confirms that this response was given only after the court conferred with Pouncy's counsel, who agreed fully with the language and content of the response. Finally, insofar as Pouncy alleges an inconsistency in the jury verdict, because he did not raise this claim below before the jury was discharged, he is barred from doing so on appeal. *See Kosmynka v. Polaris Indus. Inc.*, 462 F.3d 74, 83 (2d Cir. 2006) ("It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the

4

verdict prior to the excusing of the jury."); *accord United States Football League v. National Football League*, 842 F.2d 1335, 1366-67 (2d Cir. 1988).

II. Post-Judgment Motions

"We review a district court's ruling on a Rule 50 motion *de novo*, and apply the same standard used by the district court below." *Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir. 2004). Thus, "[p]rovided the proper pre-verdict motion has been made and renewed, Rule 50(a) permits a district court to enter judgment as a matter of law against a party on an issue where there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Id.* (internal quotations and citations omitted). However, we acknowledge that where, as here, it was the moving party who bore the burden of proof as to the issue, judgment as a matter of law is "rare," *Broadnax v. City of New Haven*, 415 F.3d 265, 270 (2d Cir. 2005), and "[a] verdict should be directed in such instances only if the evidence in favor of the movant is so overwhelming that the jury could rationally reach no other result," *Granite Computer Leasing Corp. v. Travelers Indem. Co.*, 894 F.2d 547, 551 (2d Cir. 1990); *accord Yurman Design, Inc. v. PAJ,*

5

*Inc.*, 262 F.3d 101, 109 (2d Cir. 2001).

Assuming that Pouncy's counsel properly filed a Fed. R. Civ. P. 50(a) motion prior to the submission of the case to the jury, the denial of his post-judgment Rule 50(b) motion was correct. Pouncy's motion consisted largely of a challenge to the jury's determination concerning the proper weight afforded to the trial evidence, which is not a proper basis for a Rule 50(b) motion. *See Zellner v. Summerlin*, 494 F.3d 344, 370 (2d Cir. 2007) ("In considering a motion for judgment as a matter of law, the district court must draw all reasonable inferences in favor of the nonmoving party, and it may *not make credibility determinations or weigh the evidence*." (emphasis in original)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). Nevertheless, after an independent review of the record, we conclude that there was a sufficient evidentiary basis for the jury's verdict, and thus affirm the district court's denial of Pouncy's Rule 50(b) motion on that basis. *See ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir. 2003) ("Our

6

court may, of course, affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.").

As to Pouncy's Fed. R. Civ. P. 59(a) motion, we review a district court's denial of a Rule 59(a) motion for a new trial for abuse of discretion. *See Munafo v. Metropolitan Transp. Authority,* 381 F.3d 99, 105 (2d Cir. 2004). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998) (internal quotation marks omitted). Pouncy's arguments in support of his Rule 59(a) motion were identical to those in support of his Rule 50(b) motion, and, following a comprehensive review of the record, we conclude that the district court's denial of the former was not an abuse of discretion; nothing in the record suggests that the jury's verdict was "seriously erroneous."

We have considered all of Pouncy's remaining claims of error and determined that they are without merit. Accordingly, for the foregoing reasons, the judgment and order of the district court are hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk