10-4236-cv
Griffin v. Hannaford, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, on the 4th day of May, two thousand twelve.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
DENNY CHIN,

       *Circuit Judges*

-------------------------------------------------------x

DERRICK DEVON GRIFFIN,

       *Plaintiff-Appellant*,

       V.

MICHAEL HANNAFORD, MATTHEW CARL,             10-4236
SERGEANT POLIQUIN & OFFICER STAVOL,

       *Defendants-Appellees*,

EAST WINDSOR POLICE DEPARTMENT,

       *Defendant*.

-------------------------------------------------------X

**FOR PLAINTIFF-APPELLANT:** Derrick Devon Griffin, *pro se*, Lake City, FL.

**FOR DEFENDANTS-APPELLEES:** Scott M. Karsten, Karsten & Tallberg, LLC, West Hartford, CT.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Derrick Devon Griffin, proceeding *pro se*, appeals from the District Court's grant of summary judgment in favor of Appellees, dismissing his complaint under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews orders granting summary judgment *de novo* and focuses on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, the Court is required to resolve all ambiguities and draw all permissible inferences in favor of the non-moving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After an independent review of the record and relevant case law, we conclude that the District Court properly dismissed Appellant's complaint. *See ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir. 2003) ("Our court may . . . affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.").

"A qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996). Following the Supreme Court's decision in *Pearson v. Callahan*, 555 U.S. 223 (1998), courts may exercise their discretion in deciding which of these prongs should be addressed first in light of the circumstances of the case at hand. *Id.* at 236. Because Appellees have never challenged Appellant's allegation that the rights identified in his complaint were clearly established, we turn to the question of whether it was objectively reasonable for them to believe that their actions were lawful.

An officer's belief that his action does not violate clearly established law is objectively reasonable "if 'officers of reasonable competence could disagree' on the legality of the defendant's actions." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "In this respect, the Supreme Court has observed that qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007) (quoting *Malley* 475 U.S. at 341)). "[I]n the absence of a material factual dispute, the question of whether it was objectively reasonable for the officers to believe that they did not violate the plaintiff's rights is a purely legal determination for the court to make." *Lennon*, 66 F.3d at 422.

In this case, officers of reasonable competence could disagree about whether Appellees' initial entry into and search of Appellant's hotel room was justified by exigent circumstances. Despite knowing that: (1) the hotel staff had not observed anything obviously dangerous in its search of the room; and (2) no danger had become apparent since the hotel had been informed of the "dangerous stuff" the previous evening, Appellees were confronted with unspecified "dangerous stuff" in a hotel room, which could include explosives or hazardous materials with which hotel staff had no experience. As the District Court stated, given that there was no basis to know whether or how quickly the danger would dissipate, a reasonable officer could, under the circumstances, believe that a warrantless entry and search to independently ensure the safety of the hotel staff and guests was justified by exigent circumstances. Accordingly, we affirm the District Court's judgment on the ground that Appellees are entitled to qualified immunity.

We have considered Appellant's other arguments on appeal and have found them to be without merit. For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3