09-2023-cv, 09-3617-cv
Belcher v. Wells Fargo Bank NA

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
            RALPH K. WINTER,
            JOSEPH M. McLAUGHLIN,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X
Mark D. Belcher,
          **Plaintiff-Appellant**,

          -v.-                                    **09-2023-cv**
                                                  **09-3617-cv**

Wells Fargo Bank NA, **et al.**,
          **Defendants-Appellees**.
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**         Mark D. Belcher, pro se, Bridgeport, CT.

**FOR APPELLEE:**          Charles D. Ray, David M. Bizar, Matthew A. Weiner, McCarter &

1

English, LLP, Hartford, CT, <u>for</u> Wells Fargo Bank NA)

Richard Blumenthal, Attorney General for the State of Connecticut; Maura Murphy Osborne, Assistant Attorney General, Hartford, CT, <u>for</u> the State of Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

In these consolidated appeals, Mark Belcher, <u>pro se</u>, appeals the district court's denial of his motion for a preliminary injunction (Docket No. 09-2023-cv), and the court's <u>sua sponte</u> dismissal of his complaint for lack of subject matter jurisdiction (Docket No. 09-3617-cv). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

We review the district court's jurisdictional ruling <u>de novo</u>, <u>see</u> <u>Celestine v. Mount Vernon Neighborhood Health Ctr.</u>, 403 F.3d 76, 79-80 (2d Cir. 2005); and find no error. Because Belcher and at least one of the defendants are Connecticut residents, Belcher could not invoke diversity jurisdiction under 28 U.S.C. § 1332. <u>See</u> <u>Wis. Dep't of</u>

2

*Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (diversity jurisdiction under 28 U.S.C. § 1332 exists "only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State").  And Belcher has asserted no federal claim that is sufficiently substantial to support federal question jurisdiction under 28 U.S.C. § 1331. Belcher alleges that he and his deceased mother were defrauded out of his mother's house by an ill-assorted group of conspirators, including the bank mortgagee of the house, the bank's lawyers, the state judges involved in his related civil claims, the state attorney general, and the Attorney General of the United States, all of whom allegedly violated his federal due process and equal protection rights.  These fantastical claims are insufficiently substantial to support federal court jurisdiction under § 1331.  *Cf., e.g.*, *Adams v. Suozzi*, 433 F.3d 220, 225 (2d Cir. 2005) ("A federal court may refuse to entertain a claim based on federal law otherwise within its jurisdiction only if the federal basis for that claim is so attenuated and unsubstantial as to be absolutely devoid of merit." (internal quotation marks omitted)).

Even if Belcher's allegations satisfied the substantiality requirement of federal question jurisdiction,

3

they fail to state a plausible claim for relief, and we would therefore affirm on that basis nevertheless. See ACEquip Ltd. v. Am. Eng'g Corp., 315 F.3d 151, 155 (2d Cir. 2003) ("[We may] affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court."). Belcher's § 1983 claims against the non-state individual defendants fail because he did not allege that they acted under color of state law. See Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a violation of his constitutional rights under § 1983 is . . . required to show state action."). Belcher's claims against the named judges and prosecutors are barred by absolute immunity, and he did not allege any facts suggesting that any of the narrow exceptions to immunity applies. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (discussing absolute judicial immunity); Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993) (prosecutors entitled to absolute immunity for actions taken while serving as advocates).

Finally, because the district court soundly concluded that Belcher was unlikely to prevail on his claims, the court's decision to deny his motion for a preliminary injunction was not an abuse of discretion. See, e.g.,

4

Kickham Hanley P.C. v. Kodak Ret. Income Plan, 558 F.3d 204, 209 (2d Cir. 2009) (reviewing district court's denial of preliminary injunction motion for abuse of discretion and setting out showing necessary to obtain a preliminary injunction).

Finding no merit in Belcher's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK