18-545-pr
*Ezra Benjamin v. Dr. Omprakash Pillai*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand nineteen.

PRESENT:   DENNY CHIN,
                      JOSEPH F. BIANCO,
                               *Circuit Judges.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EZRA BENJAMIN,

                               *Plaintiff-Appellant,*

                      v.                                                    18-545-pr

DR. OMPRAKASH PILLAI,

                               *Defendant-Appellee.*[†]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          JOHN W. CERRETA (Rosendo Garza, Jr., *on the brief*), Day Pitney LLP, Hartford, Connecticut.

---

[*]      Judge Barrington D. Parker, originally assigned to the panel, recused himself from consideration of this matter. The two remaining members of the panel, who are in agreement, have decided this case in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d).

[†] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

FOR DEFENDANT-APPELLEE:          JANELLE R. MEDEIROS, Assistant Attorney General (Matthew B. Beizer, Assistant Attorney General, *on the brief*), *for* William Tong, Attorney General of Connecticut, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Ezra Benjamin appeals from a judgment of the district court entered February 7, 2018, dismissing his 42 U.S.C. § 1983 lawsuit against defendant-appellee Dr. Omprakash Pillai.

Benjamin, an inmate at the MacDougall Correctional Institute in Connecticut, alleged that Dr. Pillai violated his federal constitutional rights under the First and Eighth Amendments of the U.S. Constitution by denying him medical treatment for a back condition and threatening him with retaliation for filing grievances about his lack of medical treatment.  Benjamin filed suit against Dr. Pillai and others, and, on June 23, 2017, Dr. Pillai moved for summary judgment.

On February 5, 2018, the district court granted summary judgment in favor of Dr. Pillai on all of Benjamin's claims.  The district court concluded that no genuine issue of fact existed as to whether (1) Benjamin was the victim of deliberate indifference to his medical needs, and (2) Dr. Pillai retaliated against Benjamin for filing

2

medical grievances. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Construed in the light most favorable to Benjamin, the facts are as follows: Dr. Pillai is a physician who works at several correctional facilities, including MacDougall Correctional. Benjamin has suffered from chronic sciatic nerve pain since approximately June 2015. On June 13, 2016, Benjamin requested medical treatment for his lower back pain as well as a cane and back brace. On June 17, 2016, Benjamin submitted a medical request complaining of lower back pain. On July 7, 2016, Benjamin submitted his first medical grievance, complaining of his lack of treatment.

On July 15, 2016, Dr. Pillai conducted a medical examination of Benjamin. After examining Benjamin, Dr. Pillai recommended blood and urine tests, back exercises, weight loss, a prescription for Naproxen, and lumbar x-rays. The same day, Dr. Pillai entered orders for the Naproxen and lumbar x-rays. The medical orders, however, were not filled immediately as a change in pharmacy policy prevented the dispensation of Naproxen as prescribed by Dr. Pillai. That same day, on July 15, 2016, Dr. Pillai called Benjamin a "pain in the ass" and threatened to withhold medical treatment if Benjamin continued to file grievances. J. App'x at 201.

After experiencing ongoing "excruciating pain," Benjamin filed another grievance on August 22, 2016, detailing his medical symptoms and requesting a cane. J. App'x at 206. Benjamin filed another grievance on August 30, 2016, requesting a

3

wheelchair due to pain he experienced while walking. On September 1, 2016, Dr. Pillai corrected the Naproxen prescription.

On September 9, 2016, Benjamin underwent a lumbar x-ray examination. On October 17, 2016, Dr. Pillai reviewed the lumbar x-ray with Benjamin and noted that the x-ray was "unremarkable." J. App'x at 163. The record does not explain what caused the delay from Dr. Pillai's x-ray order on July 15, 2016, until the examination on September 9, 2016. Nor does the record explain what caused the delay from the x-ray to the day Dr. Pillai reviewed the results with Benjamin.

Based on the results of the x-ray examination, Dr. Pillai ordered an MRI and submitted the request to the Utilization Review Committee ("URC"). The URC approved the MRI and a muscle relaxer for Benjamin. The MRI examination revealed that Benjamin had disc bulges in his spine, spinal stenosis, and a hemangioma. After reviewing the results, Dr. Pillai sent the URC a request for steroid injections and a neurosurgery consultation. The URC approved the steroid injections and denied the neurosurgery consultation. Despite receiving these medications, Benjamin continued to suffer from back pain. This litigation followed.

### STANDARD OF REVIEW

We review *de novo* the district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary

4

judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

### *DISCUSSION*

On appeal, Benjamin challenges the district court's dismissal of his Eighth Amendment and First Amendment claims.

**1.** ***Eighth Amendment Deliberate Indifference Claim***

To establish an Eighth Amendment violation based on inadequate medical care, a prisoner must satisfy objective and subjective components.  *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).  We apply a two-part inquiry to determine whether an alleged deprivation is objectively serious.  *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006).  First, with respect to the objective component, a prisoner must demonstrate that (1) he "was actually deprived of adequate medical care," and (2) the "inadequacy in medical care [wa]s sufficiently serious."  *Id.* at 280.  Second, to satisfy the subjective component, a prisoner must show deliberate indifference, *i.e.,* that the charged official possessed "a state of mind that is the equivalent of criminal recklessness."  *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Deliberate medical indifference claims can generally arise in two kinds of cases.  First, in cases where the prisoner is deprived of all medical care, "courts examine whether the inmate's medical condition is sufficiently serious."  *Salahuddin*, 467 F.3d at 280.  Second, in cases where a prisoner alleges "a temporary delay or interruption in the

5

provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone." *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (emphases in original)).

The district court concluded that Benjamin had likely offered sufficient evidence showing "a serious medical need" to survive summary judgment. J. App'x at 266 (concluding that "there is at least a genuine fact issue to show that plaintiff's medical condition was a sufficiently serious medical need for purposes of sustaining an Eighth Amendment claim"). The district court noted that there was a "closer question" regarding whether there was a genuine issue of fact suggesting Benjamin was "actually deprived of appropriate [medical] treatment." J. App'x at 266. The district court distinguished between cases involving a "denial of treatment" and other cases involving a "delay in treatment" and held that the delay in Benjamin's treatment was not "sufficiently serious" for Eighth Amendment purposes." J. App'x at 267-68. The district court did not address the subjective prong of a deliberate indifference claim because it held that Benjamin failed to establish a genuine issue of material fact relating to the objective prong of the analysis.

a. *Denial of Medical Treatment*

As an initial matter, Benjamin's argument that Dr. Pillai failed to provide any treatment is contradicted by the record. The record shows that Dr. Pillai provided

6

Benjamin several forms of treatment, including: instructions for lumbar exercises, a request for lumbar x-rays, a recommendation to take Tylenol and reduce his weight, a prescription for Naproxen, and, eventually, a request for an MRI, a muscle relaxer, steroid injections, and a neurosurgery consultation. Accordingly, we agree with the district court that no rational jury could conclude that Dr. Pillai did not treat Benjamin at all.

### b. *Delay in Medical Treatment*

Next, the district court considered two separate delays in medical treatment: (1) the seven-week delay in obtaining Naproxen, and (2) the eight-week delay in obtaining the lumbar x-ray. After reviewing these delays, the district court concluded that no rational jury could find that the delays contributed to Benjamin's pain or that the delays were "sufficiently serious to support a constitutional violation." J. App'x at 268.

Here, the record shows that any delay in receiving the Naproxen was insignificant because the Naproxen could not alleviate Benjamin's pain. Indeed, Benjamin admitted that the Naproxen was ineffective in managing his back pain. Moreover, even assuming Dr. Pillai's delay in correcting Benjamin's Naproxen prescription did contribute to his pain, Dr. Pillai's alleged unawareness of the pharmacy policy supports, at most, an inference of negligence. Negligence, however, is insufficient to sustain a deliberate indifference claim under the Eighth Amendment.

7

*See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (medical malpractice alone does not amount to deliberate indifference).

The delay in receiving his x-ray is a more complicated matter as there may be triable questions as to whether this delay was "sufficiently serious." The delay in x-rays arguably delayed the MRI and steroid treatment, arguably prolonging Benjamin's back pain. Nonetheless, we may affirm the district court's judgment "on any ground appearing in the record even if the ground is different from the one relied on by the district court[,]" *ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir. 2003), and on this record no reasonable jury could find that Dr. Pillai acted with deliberate indifference. There is no evidence suggesting that Dr. Pillai had any influence on the scheduling of the x-ray or MRI, or that Dr. Pillai deviated from the ordinary standard of care in providing medical assistance to Benjamin. Indeed, the record shows that Dr. Pillai ordered various pain medications, submitted requests for advanced testing, and provided Benjamin with exercises for his pain. Accordingly, no rational jury could find that Dr. Pillai possessed the culpable state of mind to satisfy the subjective standard of a deliberate indifference claim. *See Hathaway*, 99 F.3d at 553. Therefore, we conclude that Benjamin cannot sustain a deliberate indifference claim as a matter of law.

2. ***First Amendment Retaliation Claim***

To establish a First Amendment retaliation claim, a plaintiff must show "(1) that the speech or conduct at issue was protected, (2) that the defendant took

8

adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004). This Court examines prisoner retaliation claims "with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official -- even those otherwise not rising to the level of a constitutional violation -- can be characterized as a constitutionally proscribed retaliatory act." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (internal quotation marks omitted) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001)).

Here, Benjamin claims that Dr. Pillai refused to provide him medical care in retaliation for filing grievances. Specifically, Benjamin alleges that Dr. Pillai called him a "pain in the ass" and warned him to stop writing grievances or else Dr. Pillai would refuse to provide medical treatment. J. App'x at 201. As this Court has previously stated, however, insulting comments do not rise to the level of retaliatory conduct to sustain a First Amendment claim. *See Davis*, 320 F.3d at 353 (holding that "[i]nsulting or disrespectful comments directed at an inmate generally do not rise to" a level of retaliatory conduct). At the same time that Dr. Pillai was apparently calling Benjamin a "pain in the ass," he was also prescribing treatment. J. App'x at 201.

Next, Benjamin argues that Dr. Pillai wrote a prescription for Naproxen in violation of pharmacy policy, but cites no evidence showing that Dr. Pillai was aware of the change in pharmacy policy or the issue with his Naproxen prescription. Instead, the

9

record shows that Dr. Pillai became aware of an issue with the Naproxen prescription on September 1, 2016, and corrected the prescription that same day. Moreover, evidence in the record shows that after the delay in receiving the lumbar x-ray and Naproxen, Dr. Pillai continued to provide advanced medical treatment including diagnostic tests, other prescriptions, and a recommendation for a neurosurgery consultation. For these reasons, we affirm the district court's grant of summary judgment because no rational jury could conclude that Dr. Pillai retaliated against Benjamin by failing to provide medical treatment.

\* \* \*

We have considered Benjamin's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk